Lonnie E. Larson
2035 Holowai Place C-8
Wailuku, HI. 96793
PH:808-281-4444
email :lonnielarsonada@yahoo.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 04 2015
at 11 o'clock and 45 min. A M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LONNIE E. LARSON<br><br>Plaintiff,<br><br>v.<br><br>HAWAII PUBLIC HOUSING AUTHORITY<br>1002 NORTH SCHOOL STREET<br>HONOLULU, HAWAII 96817<br><br>HAWAII PUBLIC HOUSING AUTHORITY<br>2015 HOLOWAI PLACE<br>WAILUKU, HAWAII 96793<br><br>Defendant | ORGINAL<br><br>Case No. CV15 00062 ACK BMK<br><br>COMPLAINT |

PARTIES, JURISDICTION AND VENUE

1.) Plaintiff is a resident of the State of Hawaii.

2.) Defendants are State Agencies with State of Hawaii and organized, qualified to

do business and existing under the laws of the State of Hawaii whose principal

place of businesses are located at 1002 North School Street , Honolulu, Hawaii 96817 and 2015 Holowai Place ,Wailuku, Hawaii 96793.

3.) Defendants receive Federal and State Funding and are therefore responsible for administering and adhering to laws, guidelines of the Hawaii Housing Authority of the State of Hawaii , the American Disability Act of 1990 for the Department of Justice and Fair Housing Act of 1988 for the Department of Housing and Urban Development.

4.) The Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff's American with Disabilities Act claims present s a Federal question against the Plaintiff.

5.) This Court has subject jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 ( a) (1) because Plaintiff and Defendant are citizens of the same state, the amount in controversy is $75,000.00 including interest and costs .

6.) This Court has jurisdiction to award declaratory relief pursuant to 28 U.S.C. § 2201. This Court has jurisdiction to award injunctive release 28 U.S.C §. 2202. This Court has ancillary and or supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (a) over Plaintiff's state law causes of action.

7.) Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(3) because the causes of action arose in this district, Defendant did business within this district and pursuant to 28 U.S.C. § 124(c)(3).

Plaintiff is a resident of the district. Defendants committed tortious acts in this district and in the district of Hawaii.

## FACTUAL ALLEGATIONS

8.) Plaintiff is a resident of the State of Hawaii and permanently disabled with neurological pain, migraine headaches, balance issues, heart disease, depression, post traumatic syndrome, sleep apia, and he also utilizes medically certified mobility service dog. He was determined by Social Security Administration from a lightning accident of Feb. 26,2002 as being permanently disabled by their criteria, Veteran of Armed Services of United States of America and lives in the Hawaii Housing Authority property in a disabled rental unit at 2035 Holowai Place C-8,Wailuku, Hawaii 96793 since May 2012. (Exhibit # 1 )

9.) Defendant has discriminated against the Plaintiff under the American Disability Act of 1990 and Fair Housing Act 1988 for failure to provide "habitable conditions" and "reasonable accommodations" which prohibits discrimination on the basis of race, color, religion, disabilities , financial status or national origin.

10.) The Hawaii Housing Authority is sued for their untimely and unresponsive conduct for not complying with "habitable conditions" of the

property and "reasonable accommodation" reasons of legal cause for of personal injury causing unhealthy conditions, denial of air conditioning, sleep deprivation, non-compliance with enforcement of State of Hawaii Non- Smoking Law and excessive stress related illnesses and emotional damages to the Plaintiff.

11.) The Hawaii Public Housing Authority provides "reasonable accommodations" that are reasonable and necessary for persons who have a physical or emotional impairment which "substantially limits one or more major life activities", when accommodation necessary to ameliorate the limiting effects of the individual's disability, or to provide the disabled individual an equal opportunity to live in the housing unit or access to common areas. HUD/DOJ interprets "Substantially Limits" as the limitation that is significant to a large degree. Courts have interpreted major life activities that are of central importance to daily life . These issues are related to the Plaintiff's major life activities are the result as per the hazardous, defective and unsafe conditions relating to denial of air-conditioning , the uncontrolled noise levels and of unsanitary health conditions.

12.) Defendant has been failed in accepting a "reasonable accommodation" request for air-conditioning , enforcing non-smoking on the premises and loud

Case 1:15-cv-00062-ACK-BMK   Document 1   Filed 03/04/15   Page 4 of 9   PageID #: 4

property and "reasonable accommodation" reasons of legal cause for of personal injury causing unhealthy conditions, denial of air conditioning, sleep deprivation, non-compliance with enforcement of State of Hawaii Non- Smoking Law and excessive stress related illnesses and emotional damages to the Plaintiff.

11.) The Hawaii Public Housing Authority provides "reasonable accommodations" that are reasonable and necessary for persons who have a physical or emotional impairment which "substantially limits one or more major life activities", when accommodation necessary to ameliorate the limiting effects of the individual's disability, or to provide the disabled individual an equal opportunity to live in the housing unit or access to common areas. HUD/DOJ interprets "Substantially Limits" as the limitation that is significant to a large degree. Courts have interpreted major life activities that are of central importance to daily life . These issues are related to the Plaintiff's major life activities are the result as per the hazardous, defective and unsafe conditions relating to denial of air-conditioning , the uncontrolled noise levels and of unsanitary health conditions.

12.) Defendant has been failed in accepting a "reasonable accommodation" request for air-conditioning , enforcing non-smoking on the premises and loud

Page 4

property and "reasonable accommodation" reasons of legal cause for of personal injury causing unhealthy conditions, denial of air conditioning, sleep deprivation, non-compliance with enforcement of State of Hawaii Non- Smoking Law and excessive stress related illnesses and emotional damages to the Plaintiff.

11.) The Hawaii Public Housing Authority provides "reasonable accommodations" that are reasonable and necessary for persons who have a physical or emotional impairment which "substantially limits one or more major life activities", when accommodation necessary to ameliorate the limiting effects of the individual's disability, or to provide the disabled individual an equal opportunity to live in the housing unit or access to common areas. HUD/DOJ interprets "Substantially Limits" as the limitation that is significant to a large degree. Courts have interpreted major life activities that are of central importance to daily life . These issues are related to the Plaintiff's major life activities are the result as per the hazardous, defective and unsafe conditions relating to denial of air-conditioning , the uncontrolled noise levels and of unsanitary health conditions.

12.) Defendant has been failed in accepting a "reasonable accommodation" request for air-conditioning , enforcing non-smoking on the premises and loud

continual excessive noise during daytime /nighttime caused by over( 20-30 )

twenty - thirty feral animals of chickens, which are increasing and (10) ten

feral cats, (2) which creates inappropriate related noses and unsanitary conditions

on the Hawaii Public Authority property for over ( 1 year ) cats. (Exhibit # 2 )

13.) The Hawaii Public Housing Authority property is also not zoned agriculturally

in Maui County for raising and producing chickens, cats or any domestic animals

These feral animals are not owned by anyone renting in the Hawaii Public Housing

Authority property.

14.) The Defendant have operated, maintained, collected rent from the

Plaintiff on said premises in a mode of operation where risk of

harm was foreseeable and failed to enforce the rules posted on signs and

"inhabitable conditions " and to prevent the harm and/or to protect

Plaintiff who has rented a disabled apartment unit on May 2012. (Exhibit # 3)

15.) Defendants knew or, with reasonable care, should have known of the

unhealthy conditions and were negligent in denial of "reasonable

accommodations" for air-conditioning and creating or allowing such violations

of unhealthy conditions to exist for allowing public nuisance, for failing to correct and protect these conditions to the Plaintiff. (Exhibit # 4 )

16.) The Defendant violated Hawaii Authority Housing rules, laws, standards, codes and/or ordinances and are therefore negligent, strictly liable for breach of express and/or implied warranties and are negligent per se; and/or

17.) Their acts or omission were a legal or factual cause of Plaintiff's aggravated unhealthy conditions of chronic pain, depression, sleep deprivation, injuries, fatigue excessive stress and illnesses.

18.) The Defendants, jointly and/or severally had a duty to:

A.) Maintain and provide a safe, healthy, quiet and clean premises for disabled patrons;

B.) Not create or allow to exist an unreasonable risk of harm ;

C.) Inspect the premises;

D.) Remove, remedy, guard and/or warn of any defects or hazards;

E.) Protect the health of the Plaintiff, tenants, workers and quests:

F.) Warrant safe and clean premises that are do not deteriorate or worsen;

G.) Not create a public or health nuisance;

H.) Protect the Plaintiff from injuries and illnesses ;

I.) Prevent a foreseeable risk of injury to Plaintiff;

J.) Lessen the extent and severity to an injury to Plaintiff;

K.) Not enhance an injury to Plaintiff;

L.) Prevent feral animals, smoking tenants from causing harm or injury to the Plaintiff;

M.) Anticipate actions the may cause harm to the Plaintiff;

N. ) Provide "reasonable accommodation" requests for Plaintiff;

19.) Defendants , jointly and severally, breached all or some of the duties and warranties set forth above, and are there by negligent per se and/or liable.

20.) The Defendant previously did not allow feral cats or chickens to live on the property and cause unsanitary conditions and/or noise pollution and was responsible and respective of the Plaintiff's disabilities at the time the Plaintiff moved into his apartment in May 2012.

21.) The Plaintiff has reported the smoking by other tenants as the new State of Hawaii ACT 91 SLH 2014 law of July 2014 non-smoking was in effect and signage designated were erected on the premises. (Exhibit # 5)

22.) The Plaintiff reported feral animal conditions previously and attempted to assist in removal with suggestions regarding this matter for over 1 (one) year and on December 15, 2014 to the project manager responded and has failed to implement any removal plans that have reduced or correct the matter. (Exhibit # 6 )

23.) Plaintiff's physician has noted the complaint of sleep deprivation from his Patient from the feral chickens loud noise of calling all hours of the day and night. (Exhibit # 7 )

24.) Plaintiff has denied for "reasonable accommodation" with Hawaii Housing Authority and has provided medical documentation as per his physician and been denied for air-conditioning. (Exhibits # 8 )

25.) Defendants committed tortious acts in the District of Hawaii by his actions of violating not enforcing standards, codes, rules and laws and is therefore negligent, strictly liable by these actions being legal cause for continuing injuries, illnesses and damages relating to Plaintiff.

26.) The negligence of Defendants is a legal and factual cause of the continued suffering and pain related to his injuries and personal welfare and medical costs of the Plaintiff.

27.) Defendants engaged where risk and harm was foreseeable and failed to take reasonable accommodations of air conditioning of measures to prevent further harm and/or protect the Plaintiff.

28.) Defendants by their mode of operation caused and/or contributed to harm to the Plaintiff.

27.) Defendants jointly and severally breached all or some of the duties and warranties set forth above and are therefore negligent per se, and /or liable.

29.) Defendant's actions are alleged herein have resulted in the will continue to result in and will continue to result in irreparable injury for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff, demands judgment on his claims in the form of declaratory, injunctive and monetary relief, including punitive damages in the total sum of $75,000.01 and prejudgment interest and any other relief that is just and proper.

Dated: March 2, 2015

Respectfully submitted,

Lonnie Larson

Plaintiff, pro-se

This document was prepared with assistance as of my disabilities.